## BURNETT v. BUSH et al.
### No. 1844.

District Court, D. New Jersey.

April 6, 1942.

Samuel M. Hollander, of Newark, N. J., for plaintiff.

Child, Riker, Marsh & Shipman, of Newark, N. J. (Theodore McC. Marsh, of Newark, N. J., of counsel), for defendants.

FAKE, District Judge.

Motion is made to strike the second count of the complaint herein on the ground the defendant Jackson's liability being several, and the amount thereof being but $1,700.00, this Court is without jurisdiction as to him.

It appears upon the face of the complaint that Garfield State Bank, a banking corporation organized under the laws of the State of Illinois, was closed because of its insolvency, and in accordance with the law of the State, a receiver was appointed. The plaintiff, a creditor of the closed bank, has instituted this suit against two of the stockholders for an amount equal to the par value of their respective shares, any judgment to enure to the benefit of himself and all other creditors.

The complaint is in two counts. The first alleges that the defendant Bush is liable as a stockholder to the extent of $3,000.00 on shares issued to her as follows: 15 shares on November 3, 1923 of the par value of $1,500.00; 10 shares on December 18, 1925 of the par value of $1,000.00, and 5 shares on April 5, 1928 of the par value of $500.00, all of which were held by her on the date when the bank was closed in 1931.

The second count alleges the like as against the defendant Jackson for shares issued to him aggregating $1,700.00 as follows: 5 shares issued to him on October 21, 1919 of the par value of $500.00, 3 shares on February 8, 1923 of the par value of $300.00, 6 shares on December 18, 1925 of the par value of $600.00, and 3 shares on April 5, 1928 of the par value of $300.00, all of which were held by him on the date when the bank was closed in 1931.

Section 6 of Article XI of the Constitution of the State of Illinois, Smith-Hurd Stats., expressly provides that: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder."

It appears that the liabilities of the two defendants in this case would be allocated against different sums total of unsatis-

fied liabilities of the bank as calculated in accordance with the liabilities of the bank accruing during the periods of time within which each stockholder's certificate remained in force, the figures of which are set forth in the complaint. In this connection, it may well be that the defenses of these defendants, being dependent upon the periods of their respective stockholdings, would materially differ, and certainly, if these figures are inquired into, matters of intricate accounting would be involved. For these reasons, if for no other, a severance and separate trials would be allowed.

The complaint discloses that nothing more than a money judgment is sought against each of the defendants based upon their several liabilities as stockholders. No joint liability is alleged, nor is any equitable relief sought; hence it would follow that this is what we were erstwhile permitted to refer to as an action at law, and notwithstanding that its virtue is now hidden behind the camouflage of a "Civil Action"; still there it stands in the strength and dignity of pure logic, an action in assumpsit, on contract, at law, and as such the parties are entitled to a jury trial.

It appearing then that there should be a severance in this case if it were requested, it would follow that as to the defendant Jackson, the amount involved would be less than the jurisdictional requirement, and the count against him would, for that reason, be stricken.

To permit the sums sued for against these two defendants to be aggregated for the purpose of holding them both before the court would fall in direct conflict with Rule 82, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides that the new rules "shall not be construed to extend or limit the jurisdiction of the district courts of the United States."

Counsel for the plaintiff cites numerous cases in equity (alias dictus "civil cases") wherein by virtue of the equities involved and the absence of questions triable to a jury, stockholder defendants were retained when their liabilities fell below the jurisdictional requirement. Those cases do not apply here, since this is in truth an action at law. It is merely masquerading under a newly assumed name.

The motion to strike the second count is granted.